# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WOLF INVESTMENTS FUND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-02-210 CLS |
| CAPTIAL SOURCE 2000, INC., | ) | |
| CS2K, LLC, AND WILLIAM | ) | |
| BROMLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Date Submitted: November 4, 2024
Date Decided: February 3, 2025

*Upon Defendants Motion to Dismiss Plaintiffs Amended Complaint*. **DENIED.**

## <u>ORDER</u>

Julia B. Klein, Esquire, Klein LLC, Wilmington, Delaware 19801. *Attorney for Plaintiff.*

Maura L. Burke, Esquire, Pierson Ferdinand LLP, Wilmington, Delaware, 19801. Attorney for Defendants CS2k LLC and William Bromley.

Bradley P. Lehman, Esquire, Gellert Seitz Busenkell & Brown LLC, Wilmington Delaware, 19801. Attorney for Capital Source 2000, Inc.

**SCOTT, J.**

1

## INTRODUCTION

Before this Court is Plaintiff Wolf Investment Fund, LLC ("WIF") action arising from a securities transaction where WIF asserts that William Bromley ("Bromley"), through his various companies, Capital Source 2000, LLC and CS2K, LLC, fraudulently misrepresented and made material omissions when selling certain securities, thus violating the Pennsylvania Securities Act of 1972. CS2K, LLC and Bromley ("Moving Defendants") have filled a Motion to Dismiss pursuant to Rule 12(b)(6). Capital Source 2000, Inc. filed a Motion to Join Moving Defendants Motion to Dismiss. Capital Source 2000, Inc., CS2K, LLC, and William Bromley are henceforth referred to as "Collective Defendants." This Court requested both parties submit a supplemental letter to the Court clarifying the Courts ability to exercise personal jurisdiction over Collective Defendants. Upon reviewing the supplemental letters from both parties, the Court has determined it has personal jurisdiction over the present case.

## STATEMENT OF FACTS

WIF is a Delaware limited liability company with its principle place of business in Pennsylvania. Capital Source 2000, Inc., is a corporation organized under the laws of the State of Delaware with its principle place of business in Conshohocken, Pennsylvania. CS2K, LLC is a Delaware Limited Liability company with its registered agent located in Wilmington, Delaware. William

Bromley is the founder, president, and chief executive officer of Capital Source 2000, Inc.

On May 30, 2019, WIF entered into a securities agreement ("Agreement") with Capital Source 2000 Inc., for the value of $400,000. Both parties signed a Non-Negotiable Term Promissory Note ("400K Note") on May 30, 2019, memorizing their agreement. On February 6, 2020, WIF entered into an additional securities agreement with Capital Source 2000, Inc. for the value of $375,000 and both parties signed a Non-Negotiable Term Promissory Note ("$375 Note,"). In both Notes Capital Source 2000 Inc., was named the Maker and promised to pay WIF who was identified as the Payee.

On July 24, 2020, the Securities Exchange Commission filed a Complaint alleging securities fraud in the United States District Court for the Southern District of Florida, naming among others, Joe Cole and Par Funding as defendants ("Par Funding Action"). The Par Funding Action contained no allegations against Defendant William Bromley or Defendant Capital Source 2000, Inc.

On August 27, 2020, a Preliminary Injunction Order was entered in the Par Funding Action that froze all the assets of Joe Cole and companies in which he held an interest including Capital Source 2000 Inc. A receiver was appointed in the Par Funding Action and included Capital Source 2000 Inc. as part of the

receivership estate. The receivership froze any collection activities by WIF on account of the Notes.

On February 21, 2024, WIF filed a complaint against Collective Defendants asserting violations of Section 501 of the Pennsylvania Securities Act. On April 30, 2024, Defendants CS2K, LLC and William Bromley filed a Motion to Dismiss. Subsequently, WIF filed an Amended Complaint asserting (Count I) Capital Source 2000, Inc., violated the Pennsylvania Securities Act of 1972 and (Count II) CS2K LLC and William Bromley violated the Pennsylvania Securities Act of 1972.

CS2K Inc. and William Bromley filed a Motion to Dismiss the Amended Complaint because it does not comport with the statute of limitations pursuant to 70 Pa. Stat. Ann. § 1-504. Capital Source 2000, Inc., filed a Motion for Joinder of Moving Defendants Motion to Dismiss. WIF filed a response.

Before the Court can decide the merits of the Motion to Dismiss, this Court requested both parties address the Courts ability to exercise personal jurisdiction over the case.

**PARTIES CONTENTIONS**

*Wolf Investment Fund LLC Contends:*

Wolf Investment Fund LLC argues public filings in the State of Delaware automatically confer this Court to have specific jurisdiction over the claims

because a filing counts as a transaction. Specifically, Plaintiffs contend that the choice to form a Delaware entity creates a significant contact with Delaware which confers specific jurisdiction.

*Capital Source 2000, Inc., CS2K, LLC, and William Bromley Contends:*

Collective Defendants contend the Court lacks both general and specific jurisdiction over collective Defendants because the events of the transaction and the law that governs the transaction occurred and are subject to Pennsylvania jurisdiction.

## STANDARD OF REVIEW

Jurisdiction exists by way of general jurisdiction or specific jurisdiction.[1] General jurisdiction exists when a defendant is "essentially at home" in the forum state.[2] To meet this standard, "a defendant's contacts with the forum state are ... 'continuous and systematic that they are essentially at home in the forum state.'"[3] Specific jurisdiction over a defendant exists when a case "arises out of or relates to

---

[1] *Dunfee v. KGL Holdings Riverfront, LLC,* 2017 WL 6000495, at *4 (Del. Super. Ct.).

[2] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).

[3] *Dunfee v. KGL Holdings Riverfront, LLC*, 2017 WL 6000495, at *4 (Del. Super. Ct.) (quoting *Goodyear*, 564 U.S. at 919; citing *Genuine Parts v. Cepec*, 137 A.3d 123, 130 (Del. 2016)).

the defendant's contacts with the forum."[4] To determine whether this standard is met, Delaware courts must determine whether Delaware's long-arm statute, 10 Del. C. § 3104(c), is applicable and whether subjecting the nonresident to jurisdiction in Delaware violates the Due Process Clause of the Fourteenth Amendment.[5]

"Generally, a plaintiff does not have the burden to plead in its complaint facts establishing a court's personal jurisdiction over defendant."[6] The Plaintiff does bear the burden of establishing personal jurisdiction if it is contested in a Motion to Dismiss.[7] However, the requirement of personal jurisdiction is a waivable right.[8] "Because the personal jurisdiction requirement is a waivable right, the litigant may give 'express or implied consent to the personal jurisdiction of the court.'"[9]

---

[4] *Dunfee*, 2017 WL 6000495, at *4 (*quoting Daimler AG v. Bauman*, 571 U.S. 117, 119, 134 S. Ct. 746, 750, 187 L. Ed. 2d 624 (2014)); *citing Genuine Parts*, 137 A.3d at 130; *Bristol–Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1780 (2017); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)).

[5] *White v. Sharabati*, 2019 WL 2897913, at *1 (Del. Super. Ct.) (citing *Herman*, 2015 WL 1733805, at *3)); *See* 10 Del. C. § 3104(c).

[6] *Harris v. Harris,* 289 A.3d 310, 326 (Del. Ch. 2023) *quoting Benerofe v. Cha*, 1996 WL 535405, at *3 (Del. Ch.).

[7] Superior Court Civil Rule 12(b)(2).

[8] *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

[9] *Burger King*, 471 U.S. at 472 n. 14, 105 S.Ct. 2174 (*citing Ins. Corp. of Ireland*, 456 U.S. at 703, 102 S.Ct. 2099).

**DISCUSSION**

Collective Defendants filed a Motion to Dismiss WIF's Amended Complaint for time bar limitations pursuant to 70 PA. Stat. Ann. § 1-504. Collective Defendants did not raise an issue of personal jurisdiction in its Motion to Dismiss, nor can the Court dismiss a case *sua sponte* where it finds personal jurisdiction is lacking.[10] However, the Court requested both parties to clarify the merits of its ability to exercise personal jurisdiction over Collective Defendants.

The Court finds that it has general jurisdiction over Capital Source, 2000 inc., and CS2K, LLC. The Court, further, has jurisdiction over William Bromley through the Delaware LLC Act. In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court of the United States of America noted that "the paradigm fora for general jurisdiction over a corporation are its place of incorporation and its principle place of business because those affiliations are "unique" and "easily ascertainable."[11] Here, Capital Source 2000, Inc. and CS2K, LLC are both Delaware entities. Capital Source 2000, Inc. is incorporated in the

---

[10] *Genuine Parts Co. v. Cepec,* 137 A.3d 123 (Del. 2016) (*See generally* Personal jurisdiction is a waivable right and a litigant may give express or implied consent to the personal jurisdiction of the court.).

[11] *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 135 (Del. 2016) (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).

7

State of Delaware and CS2K, LLCs registered in Delaware. Thus, because both entities are "at home" in Delaware the Court can exercise general jurisdiction over the entities.

Additionally, this Court can exercise jurisdiction over William Bromley through the Delaware LLC Act's implied consent statute 6 Del. C. § 18-109.[12] Section 18-109(a) permits service of process on an LLC's manager:

> in all civil actions or proceedings brought in the State of Delaware involving or relating to the business of the limited liability company or a violation by the manager ... of a duty to the limited liability company or any member of the limited liability company, whether or not the manager ... is a manager ... at the time suit is commenced.[13]

The Statute creates a two-prong test in which the defendant must be a manager pursuant to the definition of managers[14] in the statute and the claim must "involve or relate to" the business of the LLC.[15] In determining if the claim against William Bromley "involves or relates to" the business of the LLC the Court will analyze if:

---

[12] 6 Del. C. § 18-109

[13] 6 Del. C. § 18-109(a).

[14] *Lone Pine Res., LP v. Dickey,* 2021 WL 2311954, at *7 (Del. Ch. June 7, 2021)( See generally Section 18-109(a) provides that two types of managers may be served under the consent statute: (1) a person formally named as a manager pursuant to the governing LLC agreement and, (2) a person not formally named as a manager pursuant to the governing LLC agreement but who nevertheless "participates materially in the management of the liability of the company.").

[15] *Id*.

(1) the allegations against the manager focus centrally on his rights, duties and obligations as a manager of a Delaware LLC; (2) the resolution of the matter is inextricably bound up in Delaware law; and (3) Delaware has a strong interest in providing a forum for disputes relating to the ability of managers of an LLC formed under its law to properly discharge their respective managerial functions.[16]

Here it is clear that Bromley was acting in his capacity as a manager of Capital Source 2000, Inc., that would avail him to the jurisdictional reach of Delaware. William Bromley was, pursuant to Section 18-109(a), acting in his capacity as a manager of Capital Source 2000, Inc., because he "participates materially in the management of the limited liability company,"[17] by acting in his capacity as president to bind the company in various transactions. Moreover, the present action is directly related to his duties and obligations of the Delaware LLC. Thus, through his fiduciary relationship with Capital Source, 2000 Inc., he consented to personal jurisdiction in this Court for claims relating to Capital Source, 2000 Inc. and CS2K, LLC.[18]

## CONCLUSION

Based on the forgoing reasons, this Court has jurisdiction over Collective Defendants in the present action.

---

[16] *Lone Pine Res., LP v. Dickey*, 2021 WL 2311954, at \*8 (Del. Ch.).

[17] 6 *Del. C.* § 18-109.

[18] *Lone Pine Res., LP v. Dickey,* 2021 WL 2311954, at \*7 (Del. Ch.).

9

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**